UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEKEISHA JONES., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-cv-739-JPG |
| ) | |
| ORGANON USA, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on its own initiative for purposes of case management.

Federal courts are courts of limited jurisdiction. They may exercise jurisdiction only over matters authorized by the Constitution and by statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir. 1997). Moreover, federal courts must police the boundaries of their own jurisdiction. Even absent an objection by a party challenging jurisdiction, they are "obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448-49 (7th Cir. 2000) (quoting *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). As such, this Court conducts a rigorous initial review of complaints to ensure that jurisdiction has been properly pled.

In her Complaint (Doc. 2), Plaintiff DeKeisha Jones has invoked but not properly pled diversity of citizenship as a basis for federal jurisdiction. Indeed, federal courts have jurisdiction over a civil action between citizens of different states. *See* 28 U.S.C. § 1332 (2006). "For the purposes of [§ 1332(c)] . . . , a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" *Se. Guar. Trust Co., Ltd. v. Rodman & Renshaw, Inc.*, 358 F. Supp. 1001, 1005-1006 (N.D. Ill. 1973) (emphasis

added). Here, Jones has merely alleged the principal places of business of Defendants Organon USA, Inc., Organon Pharmaceutical USA, Inc., Organon International, Inc., and Schering-Plough Corporation, not their states of incorporation. The Court also notes that the complaint's caption lists Defendant Organon Pharmaceutical USA, Inc. as a limited liability corporation. If said defendant is indeed a limited liability corporation, she has not sufficiently pled its citizenship. "[T]he key to determining the citizenship of a limited liability corporation is its members because a limited liability corporation has the *citizenship* of *all* its members." *SJ Props. Suites, BuyCo, EHF v. Dev. Opportunity Corp.*, Nos. 09-C-0533, 09-C-0569, 2009 WL 3790009, at *4 (E.D. Wis. Nov. 12, 2009) (emphasis added).

Accordingly, the Court **ORDERS** Jones to correct these and *any other* jurisdictional defects by **October 29, 2010.** *See Tylka*, 211 F.3d at 448 ("[I]t is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme."). Should she fail to do so, the Court will dismiss this matter for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**
**Dated: October 12, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
